UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

PAUL SUTHERLAND PHOTOGRAPHY LLC

        Plaintiff,

- against -

THE MCGRAW HILL COMPANIES and
DR. LEWIS KOHL

        Defendants.

-----------------------------------------------------------------x



07 CV 3748

JUDGE RAKOFF

**COMPLAINT**

RECEIVED
MAY 1 1 2007

Plaintiff, by his attorney, Edward C. Greenberg, alleges as follows:

### PARTIES

1. Plaintiff PAUL SUTHERLAND PHOTOGRAPHY LLC (hereinafter "SUTHERLAND") is the business entity of professional photographer Paul Sutherland who has specialized in the discipline of underwater photography for over ten years.

2. SUTHERLAND resides at 30 Coverdale Drive, Princeton, New Jersey 08450.

3. Defendant THE MCGRAW HILL COMPANIES (hereinafter "MCGRAW HILL") is a division of the McGraw Hill Companies which is, upon information and belief, an international corporation with its principal place of business at 1221 Avenue of the Americas, New York, New York 10020-1095.

4. Defendant is an international company that specializes in the production, distribution and marketing of text books in the United States and abroad.

5. Defendant DR. LEWIS KOHL (hereinafter "KOHL") is upon information and belief a licensed doctor nresiding at 279 Hawley Road, North Salem New York 10560.

He is also a contributor to MCGRAW HILL's book "Atlas of Pediatric Emergency Medicine."

## JURISDICTION AND VENUE

6. This is a civil action for copyright infringement.

7. Jurisdiction is conferred upon this Court by 28 U.S.C. Section 1338.

8. Venue in the Southern District of New York based upon defendant's doing business in the county and state of New York in a degree sufficient enough to establish minimum contacts with the Southern District.

## FACTS COMMON TO ALL CLAIMS

9. That plaintiff SUTHERLAND is the business entity of professional photographer Paul Sutherland, a photographer with over ten years of professional experience in the highly specialized discipline of underwater photography.

10. That plaintiff licenses its images to and for publication by third parties. Such third parties include magazines, publishers and business entities which sell products and services.

11. Over the course of plaintiff's many travels he has encountered and photographed various forms of jellyfish. Plaintiff created three specific images of jellyfish at various points in time prior to 2003; 1) an image of a human hand showing the effects of a jellyfish sting; 2) an image of an Australian Box jellyfish swimming by human legs in shallow water; and 3) and an image of a Portuguese Man-of-War that copies of these images are attached hereto as "Exhibit A."

12. That the plaintiff retained copyright of his images and registered same. Images one and two were registered on the same registration under the number VA 1-384-016. A copy of said registration is annexed hereto as "Exhibit B."

13. Plaintiff registered the third image on a separate registration number VA 1-394-232. A copy of this registration is annexed hereto as "Exhibit C."

14. That the copyrights and registrations in the subject image belong to the plaintiff and that no sale, assignment or transfer of same has occurred.

15. That in or around June of 2003 plaintiff entered into negotiations with KOHL and MCGRAW HILL. KOHL sought a license for use of the subject images as part of a chapter he intended to submit to MCGRAW HILL for its "Atlas of Pediatric Emergency Medicine" (hereinafter, "the book").

16. That on or about June 17, 2003 the parties entered into a licensing agreement (hereinafter "the agreement") whereby SUTHERLAND agreed to grant KOHL and MCGRAW HILL the nonexclusive right to use the subject images in one version of the book only. A copy of this agreement is attached as "Exhibit D."

17. That the print run of the text book was limited to 6,000 copies for distribution in the United States only.

18. The agreement granted no internet rights nor any provision for printed or electronic revision.

19. That the agreement was limited to a term of one (1) year.

20. That MCGRAW HILL and KOHL's license to use the image in any manner or media expired on June 16, 2004.

21. On or around November of 2005, plaintiff was contacted by KOHL who was seeking permission to continue use of the images.

22. KOHL sent SUTHERLAND a license from MCGRAW HILL that was significantly different from the license originally granted by plaintiff. This license included a provision for "all future print editions and electronic editions."

23. That SUTHERLAND refused to grant these licenses and instead granted permissions for exactly the same uses granted in the 2003 agreement.

24. That in June of 2006 while checking on past licenses plaintiff found several infringements of his copyrights.

25. That MCGRAW HILL had, in contravention of the terms of their license with plaintiff, made the book available for sale on several international web sites, including web sites in Japan, Poland, Canada, Italy, New Zealand, Australia, Canada, and the United Kingdom.

26. That MCGRAW HILL had published multiple versions of the book, in contravention of its license with plaintiff, including a version in 2005 when no licensing agreement was in place between the parties.

27. That, upon information and belief MCGRAW HILL has also allowed the book to become electronically published via Amazon.com's online book viewer and by digitization of the book in various medical libraries

28. Such use by MCGRAW HILL was in contravention of the licensing agreement which specifically denied all electronic usage rights.

29. Such use was violative of the agreement. Copies of MCGRAW HILL's violating uses of plaintiff's image are included as "Exhibit E."

## FIRST CLAIM FOR RELIEF

### Copyright Infringement
### Under Section 501 of the Copyright Law
### Against Kohl and McGraw Hill

30. Plaintiff repeats, reasserts and realleges each of the allegations contained in paragraphs 1 through 29 as if fully set forth herein.

31. The plaintiff is the registered copyright holder in the subject images as set forth above.

32. This claim arises under Section 501 of the Copyright Act, 17 U.S.C. Section 101 et., seq.

33. That it is unknown when defendants first published the subject image in electronic form but that such use was still continuing through at least May of 2007.

34. That the defendants violated the terms of the licensing agreement by allowing the book to be published and distributed outside of the United States.

35. That the defendants violated the terms of the licensing agreement by republishing the textbook in 2005, after the licensing agreement expired and in violation of the terms of the agreement which grant no reprint rights.

36. That the publication of the image in these forms constitutes federal statutory copyright infringement in violation of the exclusive rights granted SUTHERLAND as copyright holder under 17 U.S.C. § 106.

37. That the use(s) of the subject images are without the plaintiff's authorization, license or consent.