38. That the full nature and extent of the defendant defendants' usage of the subject images is unknown, such information being in the sole custody, possession and control of the defendants.

39. Defendants' publication of the images was willful, intentional and in bad faith.

40. That as a result of defendants' acts, the plaintiff has been damaged in an amount as yet undetermined.

41. The plaintiff is further entitled to statutory damages, attorneys' fees and costs under Section 504 and 505 of the Copyright Act, 17 U.S.C. Section 101 et., seq., given the willful, intentional, malicious and bad faith nature of defendants' copyright infringement.

## SECOND CLAIM FOR RELIEF

### Copyright Infringement
### Under Section 501 of the Copyright Law
### Against Kohl and McGraw Hill

42. Plaintiff repeats, reasserts and realleges each of the allegations contained in paragraphs 1 through 30 as if fully set forth herein.

43. The plaintiff is the registered copyright holder in the subject images as set forth above.

44. This claim arises under Section 501 of the Copyright Act, 17 U.S.C. Section 101 et., seq.

45. That it is unknown when defendants first published the subject image in electronic form but that such use was still continuing through at least May of 2007.

46. That the defendants violated the terms of the licensing agreement by allowing the book to be published and distributed outside of the United States.

47. That the defendants violated the terms of the licensing agreement by republishing the textbook in 2005, after the licensing agreement expired and in violation of the terms of the agreement which grant no reprint rights.

48. That the publication of the image in these forms constitutes federal statutory copyright infringement in violation of the exclusive rights granted SUTHERLAND as copyright holder under 17 U.S.C. § 106.

49. That the use(s) of the subject images are without the plaintiff's authorization, license or consent.

50. That the full nature and extent of the defendant defendants' usage of the subject images is unknown, such information being in the sole custody, possession and control of the defendants.

51. Defendant's publication of the image was negligent.

52. That as a result of defendants' acts, the plaintiff has been damaged in an amount as yet undetermined.

53. The plaintiff is further entitled to statutory damages, attorneys' fees and costs under Section 504 and 505 of the Copyright Act, 17 U.S.C. Section 101 et., seq., given the willful, intentional, malicious and bad faith nature of defendants' copyright infringement.

### THIRD CLAIM FOR RELIEF

**Copyright Infringement
Under Section 502 of the Copyright Act
Against Kohl and McGraw Hill**

54. Plaintiff repeats, reasserts and realleges each of the allegations contained in paragraphs 1 through 53 as if fully set forth herein.

55. That plaintiff is entitled to an injunction permanently prohibiting defendant from publishing, distributing, transmitting, reproducing or otherwise possessing the subject image in any form.

## JURY DEMAND

56. Plaintiffs request a trial by jury of all issues.

**WHEREFORE**, the plaintiff demands judgment as against the defendants as follows:

ON THE FIRST CLAIM FOR RELIEF- an award of the maximum statutory damages in an amount of not less than $150,000 or for such other amount as may be proper pursuant to 17 U.S.C. § 504 and for an order enjoining KOHL and MCGRAW HILL from infringing the plaintiff's copyrighted images, pursuant to 17 U.S.C. § 502 and for an award of costs and attorneys' fees pursuant to 17 U.S.C. § 505;

ON THE SECOND CLAIM FOR RELIEF- an award of the maximum statutory damages in an amount of not less than $150,000 or for such other amount as may be proper pursuant to 17 U.S.C. § 504 and for an order enjoining KOHL and MCGRAW HILL from infringing the plaintiff's copyrighted images, pursuant to 17 U.S.C. § 502 and for an award of costs and attorneys' fees pursuant to 17 U.S.C. § 505;

ON THE THIRD CLAIM FOR RELIEF- an order permanently enjoining and prohibiting defendants, including but not limited to wholly owned subsidiaries, from all future sales, transfers, assignments, or licensing of the subject images.

Prejudgment interest on all sums due;

And such other and further relief as this Court may deem just and proper

Dated:  New York, New York
       May 8, 2007

Yours etc.

(EDWARD C. GREENBERG P.C.(ECG 553)
Attorney for Plaintiff
100 Park Avenue, 33rd Floor
New York, New York 10017
Tel:  (212) 697-8777