UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
PAUL SUTHERLAND PHOTOGRAPHY, LLC.

                Plaintiff,

    -against-

THE MCGRAW HILL COMPANIES and DR.
LEWIS KOHL

                Defendants.
------------------------------------------X

**ANSWER**
**AND JURY DEMAND**

Docket: 07 CIV 3748
Hon. Jed S. Rakaoff

       Defendant, **Dr. Lewis Kohl**, by his attorneys, Kuczinski, Vila & Associates, LLP., upon information and belief, answers the complaint of Plaintiff, Paul Sutherland Photography as follows:

       1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs "1", "2", "3", "4", "9", "10", "11", "14", "21", "25", "26", "27", "28" and "29"and therefore denies the same.

       2. Defendant denies each and every allegation contained in the paragraphs of the complaint herein designated as:"6", "12", "13", "15", "16", "17", "18", "19", "20", "22", "23", "24", "31", "33", "34", "35", "37", "38", "39", "40", "43", "45", "46", "47", "49", "50", "51", "52" and "55".

       3. Defendant denies knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraphs numbered: "7", "8", "32", "36", "41", "44", "48" and "53" and therefore denies the same and respectfully refers all questions of law to this Honorable Court.

4.      Defendant repeats, reiterates and realleges each and every allegation of the paragraphs of the complaint set forth herein designated as: "30", "42" and "54".

5.      Defendant admits the allegations of paragraph #6 that he is a licensed doctor residing at 279 Hawley Road, North Salem New York 10560 and that he was a contributor to the book "Atlas of Pediatric Emergency Medicine".

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

6.      The statute of limitations has expired on some or all of the claims for relief thereby warranting dismissal of any and all claims in which the statute of limitations has expired.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

7.      The Complaint fails to state a claim or claims upon which relief can be granted warranting dismissal of these claims.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

8.      The responding defendant did not owe or breach any duty to the plaintiff or engage in any copyright infringement.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

9.   The responding defendant did not engage in any act or illegal act or an intentional, wilful, malicious or bad faith or negligent acts against the plaintiff pursuant to § 504 and 505 of the Copyright Act and the imposition of statutory damages, attorney's fees and costs against responding defendant is not warranted and such damage claims must be dismissed.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

10.   Plaintiff failed to mitigate its damages or take any or all appropriate actions to properly and timely investigate any and all claims of copyright infringement and plaintiff is guilty of estoppel and/or laches and/or waiver and/or acquiesscence warranting dismissal of plaintiff's claims.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

11.   Plaintiff through omission committed acts of negligence, recklessness, carelessness, comparative and contributory negligence warranting dismissal of any and all of plaintiff's claims or a reduction in any damage award by the percentage of the plaintiff's comparative fault.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

12.   That any and all damages that plaintiff can prove or are entitled to by operation of law were committed by the co-defendants The McGraw Hill Companies and/or others' negligence intentional, wilful, malicious or bad faith acts and not by any actions or inactions of the responding defendant.

**AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE**

13.   Plaintiff has failed to join any and all necessary or indispensable parties who participated in or committed any of the allegations alleged in the complaint against the plaintiff.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

14.   That if the plaintiff suffered the damages alleged in the complaint, it was by individuals or entities that the responding defendant had no privity with or control over.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

15.   Any recovery or verdict against the answering defendant must be reduced by virtue of the failure of the plaintiff to have exercised due care to avoid, eliminate and mitigate any and all injury and/or damages allegedly sustained.

**AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE**

16.   There is no proximate cause between any of the acts alleged against the responding defendant and plaintiff's alleged injuries and/or alleged claims or damages.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

17.  That the injuries, losses, damages, occurrences alleged in the complaint were the result of independent and intervening causes or superceding causes over which this defendant had no control or right of control and in no way participated.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

18.  The plaintiff's claims are barred by the doctrine of estoppel and/or waiver and/or license and/or acquiescence as plaintiff represented that the alleged copyrighted material could be used for the various purposes for which plaintiff now claims an alleged infringement.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

19.  Plaintiff's claims are barred by the fair use doctrine of the claimed copyrighted material since this material was used exclusively in textbooks and/or for teaching purposes.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

20.  Plaintiff's claims are barred as plaintiff failed to properly register the purported copyright material or provide proper notice that the material had been copyrighted.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

21. Responding defendant was not a party to, and did not participate in, or have any knowledge of, any purported copyright license agreement or violation of any such agreement allegedly entered into between plaintiff and the co-defendant McGraw Hill on or about November 4, 2005 and any such claims of copyright infringement were committed by the co-defendant and not the responding defendant.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

22. In the event plaintiff proves that the responding defendant engaged in copyright infringement by the acts of the co-defendant, responding defendant is an innocent infringer and/or non wilful, malicious or intentional infringer and plaintiff is barred from asserting, proving or collecting actual or statutory damages and attorney's fees and costs from responding defendant.

### AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

23. Plaintiff has not alleged and cannot prove any actual damages and any claim for actual damages against responding defendant is barred and/or de minimus.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

24. Responding defendant is not jointly or severally liable with the co-defendant for any judgment obtained against the co-defendant.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

25. As responding defendant has not engaged in any copyright infringement and/or plaintiff has failed to satisfy the statutory requirements for injunctive relief, plaintiff's claim for injunctive relief is barred.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

26. The actions plaintiff complains of, if true, would constitute breach of contract between plaintiff and co-defendant and not copyright infringement.

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

27. Any use plaintiff claims was unlicensed would be non-actionable as de minimus.

### AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

28. Pursuant to Section 412(1) of the Copyright Act, 17 U.S.C. §412(1), plaintiff is barred from the recovery of statutory damages and attorney's fees, as provided by Sections 504 and 505 of the Copyright Law (17 U.S.C. §§5504, 505), because the effective date of the copyright registration for each of plaintiff's works occurred after the commencement of the alleged infringement of plaintiff's copyright.

### AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

29. Plaintiff is not a proper party to the action as any and all licenses and/or contract agreements were entered into by parties other than plaintiff and as such the claims should be dismissed.

## AS AND FOR A CROSS-CLAIM AGAINST THE CO-DEFENDANT MCGRAW HILL

If the plaintiff sustained the injuries and damages in the manner and at the time and place alleged and if it is found that this answering defendant is liable to the plaintiff herein and upon said allegations of the complaint and the pleadings in evidence said damages were sustained by reason of the sole active and primary carelessness and/or recklessness and/or negligence and/or gross negligence and/or culpable conduct and/or affirmative acts of commission or omission as well as violations of rules, statutes or ordinances and/or breach of contract and/or breach of warranty and/or hold harmless agreement and/or strict liability and/or copyright infringement and/or intentional, wilful, malicious and/or illegal acts of the co-defendants in causing, permitting, allowing and creating any and all of the conditions or allegations and/or circumstances alleged in the complaint and this answering defendant is entitled to complete indemnification both contractual and common law on any judgment over against the co-defendants herein for all or part of any verdict or judgment that plaintiff may recover against the answering defendant, in the event judgment over is not recovered on the basis of full indemnification, then this answering defendant demands judgment over and against the named co-defendants herein on the basis of an apportionment of responsibility and contribution for the

alleged occurrence and damages as set forth in the complaint for all or part of any judgment or verdict that plaintiff may recover against said answering defendant together with costs, disbursements and reasonable attorneys fees.

**WHEREFORE**, the defendant **Dr. Lewis Kohl**, demands judgment dismissing the complaint and all the claims for relief of the first, second and third claims of the plaintiff's complaint and further demands in the event the defendant is found liable to the plaintiffs herein and this answering defendant on the basis of indemnification or contribution or apportionment of responsibility have judgment over against the aforementioned defendants on the Cross-claims for all or part of the verdict or judgment that plaintiff may recover against this answering defendant with cost and disbursements of this action plus any and all attorneys fees.

### DEMAND FOR TRIAL BY JURY

Defendant, **Dr. Lewis Kohl,** demands a trial by jury on all questions of fact raised in the complaint pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

Dated:  Tarrytown, New York
        June 28, 2007

Yours, etc.,

_____
Gustavo L. Vila (GV0436)
KUCZINSKI, VILA & ASSOCIATES, LLP
Attorneys for Defendant
DR. LEWIS KOHL
220 White Plains Road, 2nd Floor
Tarrytown, New York 10591
(914) 347-7333

TO:

EDWARD C. GREENBURG, P.C. (ECG 553)
Attorney for Plaintiff
100 Park Avenue, 33rd Floor
New York, New York 10017
(212) 697-8777

RICHARD DANNAY (RD-9407)
COWAN LIEBOWITZ & LATMAN, P.C.
Attorneys for Defendant
The McGraw Hill Companies, Inc.
1133 Avenue of the Americas
35th Floor
New York, New York 10036-6799
(212) 790-9200

STATE OF NEW YORK, COUNTY OF NEW YORK    ss.:

### AFFIDAVIT OF SERVICE BY MAIL

Gustavo L. Vila, being duly sworn, deposes and says that deponent is a member of the firm of Kuczinski, Vila & Associates, LLP., the attorneys for Dr. Lewis Kohl, is over the age of eighteen and is not a party to this action.

On June 28, 2007, deponent served the within Answer with Cross-Claims and Demand for Trial by Jury upon:

EDWARD C. GREENBURG, P.C. (ECG 553)
Attorney for Plaintiff
100 Park Avenue, 33rd Floor
New York, New York 10017
(212) 697-8777

RICHARD DANNAY (RD-9407)
COWAN LIEBOWITZ & LATMAN, P.C.
Attorneys for Defendant
The McGraw Hill Companies, Inc.
1133 Avenue of the Americas
35th Floor
New York, New York 10036-6799
(212) 790-9200


the addresses designated by said attorneys for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper in - a post office - official depository under the exclusive care and custody of the United States post office department within the State of New York.

_____
Gustavo L. Vila (GV0436)

Sworn to before me
this 28 Day of June 2007

_____

GLADYS S. OVADIA
Notary Public, State of New York
No. 01OV5062843
Qualified in Rockland County
Commission Expires July 8, 2010

INDEX NO.: 07 CIV 3748

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PAUL SUTHERLAND PHOTOGRAPHY, LLC.

    Plaintiff,

 -against-

THE MCGRAW HILL COMPANIES and DR. LEWIS KOHL

    Defendants.

ANSWER with CROSS-CLAIMS and
DEMAND FOR TRIAL BY JURY

Kuczinski, Vila & Associates, LLP.
Attorneys for Defendant
Dr. Lewis Kohl
220 White Plains Road
Tarrytown, New York 10591
(914) 347-7333

CERTIFICATION PURSUANT TO 22 N.Y.C.R.R. §130-1.1a

 Gustavo L. Vila, Esq. hereby certifies that, pursuant to 22 N.Y.C.R.R. §130-1.1a, the foregoing ANSWER with Cross-Claims and Demand for Trial by Jury is not frivolous nor frivolously presented.

Dated: Tarrytown, New York       Gustavo L. Vila (GV0436)
    June 28, 2007

**PLEASE TAKE NOTICE**

☐ that the within is a true copy of a  entered in the office of the clerk of the within named
  Court on  .

☐ that a  of which the within is a true copy will be presented for settlement to the Hon. one of
  the judges of the within named Court at  , on at 9:30 a.m.

Kuczinski, Vila & Associates, LLP.
Attorneys for Defendant
Dr. Lewis Kohl
220 White Plains Road
Tarrytown, New York 10591
(914) 347-7333

GLV/cmp